**IN THE COURT OF APPEALS OF IOWA**

No. 22-0148
Filed April 13, 2022

**IN THE INTEREST OF A.K. and M.K.,**
**Minor Children,**

**C.B., Mother,**
      Appellant.
_____


Appeal from the Iowa District Court for Poweshiek County, Rose Anne
Mefford, District Associate Judge.


A mother appeals termination of her parental rights to two children.
**AFFIRMED.**


Denise M. Gonyea of McKelvie Law Office, Grinnell, for appellant mother.

Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant
Attorney General, for appellee State.

Misty White, Sigourney, attorney and guardian ad litem for minor children.


Considered by May, P.J., Schumacher, J., and Blane, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206
(2022).

**BLANE, Senior Judge.**

A mother appeals the termination of her parental rights to two daughters, ages six and eight. She contends termination is not in their best interests and the juvenile court should have granted her a six-month extension. Finding termination is in the girls' best interests and an extension was unwarranted, we affirm.[1]

The juvenile court terminated the mother's rights under Iowa Code section 232.116(1)(f) (2021). "We review termination of parental rights de novo." *In re W.T.*, 967 N.W.2d 315, 322 (Iowa 2021). "We are not bound by the factual findings of the juvenile court, but we give them weight, particularly regarding credibility determinations." *Id.* Statutory factors guide the best-interests analysis when the court finds grounds to terminate parental rights. We give primary consideration to the children's safety, to the best placement for furthering their long-term nurturing and growth, and to their physical, mental, and emotional condition and needs. Iowa Code § 232.116(2). To grant an extension of six months, the juvenile court must point to "specific factors, conditions, or expected behavioral changes" that justify believing the need for removal from parental care would no longer exist after that time. *Id.* § 232.104(2)(b).

The children were removed in June 2020 due to concerns the parents were abusing methamphetamine and incidents of domestic violence perpetrated by the father against the mother.[2] The children were placed with a foster family. The

---

[1] Although the court also terminated the father's rights, he does not appeal.
[2] The father has had little involvement with the proceedings. He spent time in jail on and off through the case, at one point for a domestic violence charge against the mother. He absconded to Florida for several months. He returned to Iowa, was arrested on outstanding warrants, and sentenced to a residential facility. He violated the no-contact order with the mother many times.

mother sought drug and mental-health treatment and domestic violence counselling. Ultimately, she made little progress toward reuniting with the children; she never moved beyond supervised visits.

At the time of the termination hearing, the mother had stable housing with her boyfriend,[3] a driver's license and car, and was enrolled in an educational program. But areas of considerable concern remained. Although the mother regularly attended mental-health and substance-abuse counselling, she continued to test positive for illegal drugs. She tested positive for methamphetamine in December 2020, April 2021, and again in June. Her tests in February and August were negative, but in March the urine sample she gave was found to be an invalid specimen. And DHS had concerns the mother was manipulating the timing of her tests to obtain negative results despite her using methamphetamine.

At the termination hearing, the mother testified she last used methamphetamine in December 2020 and had been sober throughout the child-in-need-of-assistance proceedings. She gave excuses for the positive tests and minimized her use. She also testified she does not have a methamphetamine problem. The juvenile court had concerns about her credibility on this and other matters. Similarly, although she consistently attended visitations, she struggled to interact with or discipline the children.

Meanwhile, by all reports, the children are growing and developing well in the foster family. The foster mother testified the children came to the family with significant cognitive delays and poor health and hygiene. But she oversaw

---

[3] Her current boyfriend owns the single-family home.

considerable improvement in their mental and physical health as well as their disciplinary and educational goals. The foster family is interested in adopting them. Both girls miss their mom and want to "go home," but they also want to stay with the foster family.

On our review of the record, we find termination is in the children's best interests. *See id.* § 232.116(2). The mother has not resolved the substance-abuse issues that contributed to the original removal. In fact, she testified she was sober and had been since her positive test in December 2020, despite more positive tests in April and June 2021 and the presumptively positive invalid specimen she gave in March. On the second day of the termination hearing, when she had a chance to clarify her testimony, she doubled down and insisted she had been sober since December. The mother never completed any domestic-violence training and her substance-abuse/mental-health counsellor reported that at times she seemed distracted and has progressed slowly in her goals. *See In re L.H.*, 949 N.W.2d 268, 272 (Iowa Ct. App. 2020) ("Where the parent has been unable to rise above the addiction and experience sustained sobriety in a noncustodial setting, and establish the essential support system to maintain sobriety, there is little hope of success in parenting."). This lack of progress and failure to acknowledge the substance-abuse problem convinces us that termination is necessary for the children's long-term nurturing and growth and that the mother cannot meet their physical, mental, or emotional needs while she battles an addiction she refuses to acknowledge. *See In re W.M.*, 957 N.W.2d 305, 315 (Iowa 2021) ("We gain insight into the child's prospects by reviewing evidence of the

parent's past performance—for it may be indicative of the parent's future capabilities." (cleaned up for readability)).

Nor do we see any reasons to find the need for removal will have passed in six months. *See id.* § 232.104(2)(b). The children have been removed from the mother for fourteen months. On the surface it appears she is addressing her issues with counselling and support groups. But meanwhile the positive tests and the lack of acknowledgment or insight into the substance abuse leads us to see no realistic prospect that the children could be safely returned to her care within six months. *See L.H.*, 949 N.W.2d at 271–72 ("[I]n considering the impact of a drug addiction, we must consider the treatment history of the parent to gauge the likelihood the parent will be in a position to parent the child in the foreseeable future." (citation omitted)). So we affirm termination of her parental rights to both children.

**AFFIRMED.**